**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| DANIEL HOLLIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APEX ROOFING AND CONSTRUCTION, INC.,<br><br>Defendant. | No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant APEX ROOFING AND CONSTRUCTION, INC. ("Apex Roofing"), pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the Superior Court of the State of Washington in and for King County, Washington to the United States District Court for the Western District of Washington. In support of this Notice of Removal, Apex Roofing states as follows:

**I. <u>Background</u>**

1. Plaintiff Daniel Hollis commenced this case on June 17, 2025 as an individual action. *See* Ex. A.

2. On July 25, 2025, Plaintiff filed a First Amended Class Action Complaint (the "FAC"). *See* Ex. B. The FAC added class action allegations and claims, turning this case into a putative class action for the first time.

3. The suit arises from alleged telephone calls placed to Plaintiff's cellular telephone



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

that Plaintiff alleges were initiated in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b), and the Washington Commercial Telephone Solicitor Statute and Washington Consumer Protection Act, RCW 19.158.020(2), 19.158.030, and 19.86.090.

4. Apex Roofing was required to respond to the FAC within ten (10) days after service, that is, August 4, 2025. Through an agreement stated in writing, Plaintiff consented to an extension of twenty days' time, to August 25, 2025, for Apex Roofing to respond to the FAC. *See* Ex. C.

5. Defendant now timely removes this action to this Court.

## II. <u>Basis for Jurisdiction</u>

6. This putative class action is within the Court's original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See* Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715).

7. The Supreme Court has instructed that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014). Rather, CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." "The Court has explained that 'CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *Dart*, 547 U.S. at 89). *See also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.").

8. Under 28 U.S.C. § 1332(d), federal district courts have "original jurisdiction" over civil class action lawsuits when three requirements are met: "(1) the aggregate amount in controversy exceeds $5,000,000, . . . (2) any class member is a citizen of a state different from any defendant," and (3) the aggregate number of members of all proposed plaintiff classes is 100 or more. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (citing 28 U.S.C. §§ 1332(d)(2), (5)). Each of these requirements is satisfied here.

9. Apex Roofing first addresses the second requirement, referred to as minimal



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

diversity of citizenship. Plaintiff alleges he is a resident of King County, Washington. Apex Roofing is a corporation organized under the laws of the State of Washington, and its principal place of business is in Kent, Washington, and thus is a citizen of the State of Washington. *See* Declaration of Max Holt at ¶¶ 3-4. Even if Plaintiff were a citizen of Washington, minimal diversity exists in several ways. First, the proposed classes are both defined in terms of being nationwide classes, and include "[a]ll persons or entities within the United States who received" a telephone call or commercial telephone solicitation "from or on behalf of Apex Roofing . . . ." FAC at ¶ 23. Plaintiff further alleges that "Class Members . . . are dispersed throughout this state and/or the United States," resulting in "geographic dispersal of the Classes mak[ing] joinder of all Class Members impracticable." *Id.* at ¶¶ 26-27.

10. That express language, alone, is sufficient to include non-Washington citizens, because, based on the allegations in the FAC, at least one member of the proposed nationwide classes is a citizen of a state other than Washington. *Accord Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (holding class defined to include "all California individuals, business and other entities" as satisfying CAFA's minimal diversity requirement because "many merchants doing business in California, and members of the class as originally described, are not citizens of California"); *Stern v. RMG Sunset, Inc.*, No. 17-CV-1646 JLS (NLS), 2018 WL 2296787, *7 (S.D. Cal. May 21, 2018) (holding minimal diversity requirement was satisfied by plaintiff's amendment of class definition in motion for class certification to include "all persons," that is, a nationwide class); *Rosas v. Carnegie Mortg., LLC*, No. CV 11-7692 CAS CWX, 2012 WL 1865480, *5 (C.D. Cal. May 21, 2012) ("Because the complaint alleges a 'nationwide class,' minimal diversity necessarily exists.") (internal citations omitted).

11. Moreover, a review of information available to Defendant confirms that persons with telephone numbers with area codes outside the State of Washington would satisfy the requirements for membership in at least one of the proposed classes. Holt Decl. at ¶¶ 5-6. Additionally, even for people with Washington area code telephone numbers, Apex Roofing is familiar with instances when such people are were called and they advised that they had permanently moved out of the State of Washington. *Id.* at ¶ 7.



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

12. The requirement of at least 100 putative class members is also satisfied. The FAC itself alleges that "Class Members number in the hundreds or thousands," which is also asserted as a factor that "makes joinder of all Class Members impracticable." FAC at ¶¶ 26-27. In any event, Apex Roofing's investigation and a review of information available to it has revealed that there are more than 100 putative class members in the proposed Classes as defined in the FAC. *See* Holt Decl. at ¶ 8.

13. The aggregate amount in controversy is also established.

14. The FAC demands, for Plaintiff "and on behalf of the Class[es] defined above," an award of "500 in statutory damages for each and every call that Apex negligently placed in violation of 47 U.S.C. § 227(b)(1)(B) of the TCPA . . . ." FAC at page 10.

15. While Apex Roofing disputes any liability or violation, based on its investigation and a review of information available to it, there were more than 3,333 persons who would satisfy the requirements for membership in at least one of the proposed classes. Holt Decl. at ¶ 8.

16. Plaintiff also demands for him "and on behalf of the Class[es] defined above" an award of "$1,500 in statutory damages for each and every call that Apex willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1)(B) of the TCPA . . . ." FAC at page 10. Plaintiff is thus invoking 47 U.S.C. § 227(b)(3)(C), which allows the Court to "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph [*i.e.*, $500 in statutory damages]."

17. Treble damages are properly included in calculating the amount in controversy at issue for purposes of diversity jurisdiction. *See*, *e.g.*, *Chabner v. United of Omaha Life Ins. Co*., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). *See also*, *e.g.*, *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 (5th Cir. 2008) ("Given the possibility of treble damages under the TCPA, . . . the aggregate amount in controversy exceeds $5 million . . . .").

18. Thus, given the potential of trebled damages, the amount in controversy exceeds $5 million in this action. If the at least 3,334 putative class members in the first proposed class were entitled to only a minimum of $500 in damages for one telephone call in violation each, that would


PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

result in statutory damages of $1,667,000. Trebling that amount would result in damages of $5,001,000. The requirement of an aggregate amount in controversy exceeding $5 million is therefore satisfied.

19. To be clear, Apex Roofing disputes the accusations that these or any other telephone calls as alleged in the FAC violated the TCPA, Washington Commercial Telephone Solicitor Statute, or any other law in any way, especially when the class definitions include telephone calls that are permissible, and therefore Apex Roofing does not admit that any of these instances were violations. *See* Holt Decl. at ¶ 9. However, "[g]iven that [Plaintiff's] complaint alleges that each call in violation of the TCPA would incur no less than $500 in damages and that [Apex Roofing] presented evidence establishing [sufficient members of the proposed class], [Apex Roofing] has shown that [Plaintiff] is seeking recovery from a pot that . . . could exceed $5 million," establishing the required amount in controversy from the TCPA claim alone. *Grant v. Cap. Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011). *See also Jauregui*, 28 F.4th at 994 ("Our court has defined the amount in controversy as simply the amount at stake in the underlying litigation. Importantly, that 'amount at stake' does not mean likely or probable liability; rather, it refers to *possible* liability.") (internal quotations omitted, cleaned up).

## III. <u>Notice Given</u>

20. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Superior Court of the State of Washington in and for King County, Washington. Defendant will file a certificate with the clerk of the court showing proof of service of all notices and filings with the clerk of the state court.

## IV. <u>Removal is Timely Filed</u>

21. This Notice has been timely filed within thirty (30) days that Defendant was served with the FAC on July 28, 2025, when it was first ascertainable that the case became removable under CAFA, in compliance with 28 U.S.C. § 1446(b)(3).

## V. <u>Pleadings and Process</u>

22. In accordance with 28 U.S.C. § 1446(a), copies of all state court process and



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

pleadings are attached to this Notice of Removal as Exhibit D.

**VI. Venue**

23. Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper for purposes of removal because this action is currently pending in the Superior Court of the State of Washington in and for King County, Washington, which is in same District as the United States District Court for the Western District of Washington.

**VII. Non-Waiver of Defenses**

24. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Apex Roofing's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446 this Court has jurisdiction over this matter, and Defendant Apex Roofing, Inc. hereby removes this action from the Superior Court of the State of Washington in and for King County, Washington to this Court.

Dated: August 22, 2025

Respectfully submitted,

*/s/ David Rose*

PACIFIC NORTHWEST FAMILY LAW
David Rose (WSBA No. 32849)
15400 SE 30th Place, Suite 206
Bellevue, WA 98007
(564) 212-2730
dmr@pnwfamilylaw.com
gp@pnwfamilylaw.com

GREENSPOON MARDER LLP
Jeffrey A. Backman
(*pro hac vice* application forthcoming)
Florida Bar No. 662501
Roy Taub (*pro hac vice* application forthcoming)
Florida Bar No. 116263
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*Apex Roofing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by e-mail and U.S. first class mail, on August 22, 2025, on the following:

Walter M. Smith
SMITH & DIETRICH LAW OFFICES PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98501
(360) 915-6952
walter@smithdietrich.com

Samuel J. Strauss
Cassandra Miller
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
cmiller@straussborrelli.com

*Attorneys for Plaintiff*

/s/ David Rose_______________
David Rose, Esq.

PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730