# EXHIBIT B

FILED
2025 JUL 25 03:28 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-18009-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

Daniel Hollis, on behalf of himself and all others similarly situated,

Plaintiff,

v.

Apex Roofing and Construction, Inc.,

Defendant.

Case No. 25-2-18009-3

FIRST AMENDED CLASS ACTION COMPLAINT

Daniel Hollis, individually and on behalf of others similarly situated, alleges the following against Defendant Apex Roofing and Construction, Inc.

## I. NATURE OF ACTION

1. Starting no later than February 20, 2025, Apex Roofing & Construction, Inc., acting directly and/or through their agent(s), placed prerecorded or artificial voice telephone calls to Daniel Hollis's personal cellular phone in an effort to solicit Plaintiff's business and to market Defendant's services to Plaintiff.

2. Daniel Hollis has not been a customer of Apex Roofing & Construction, Inc. at any time, and Mr. Hollis did not consent to receive calls from Defendant. Daniel Hollis's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission, and has been continuously listed there since December 12, 2008.

3. Plaintiff brings this proposed class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and related Washington state law, RCW 19.158.110(1) and RCW 19.86.090.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

4. A "telephone solicitation" includes any telephone call initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services—including offers to perform roofing and construction services. *See* 47 C.F.R. § 64.1200(f)(15) ("The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services…").

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's claims pursuant to RCW 2.08.010 and Art. IV Sec. 6 of the Washington Constitution.

6. This Court has personal jurisdiction over Apex Roofing & Construction, Inc. (Apex for short) because Defendant caused transmission of the call(s) at issue to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington. Apex has its headquarters in and continuously and systematically conducts business in Washington, where Defendant is headquartered in the city of Kent in King County.

7. Venue is proper in this Court pursuant to RCW 4.12.020(3) because Plaintiff's cause of action or some part thereof arose in King County.

## III. PARTIES

8. Plaintiff Daniel Hollis resides in King County, Washington.

9. Defendant Apex is a Washington limited liability company with headquarters at 6632 S. 191st Pl., Suite E-108, Kent, WA 98032-2117. The allegations in this Complaint as to acts and omissions by Defendant Apex shall be construed as allegations against Defendant, whether such conduct was committed by Defendant directly, or through its agents or contractors.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## IV. FACTUAL ALLEGATIONS

### A. Defendant Apex Made One or More Prerecorded Sales Solicitation Calls to Plaintiff's Cellular Phone Without His Consent.

10. Plaintiff's telephone number, (XXX) XXX-9727, is assigned to a cellular telephone service. Plaintiff first acquired this cellular phone number prior to December 12, 2008 and has had exclusive use of it ever since.

11. On February 20, 2025, Apex caused a call to be placed to Plaintiff's personal cellular phone. The call Plaintiff received from Defendant showed the originating number was (206) 659-6473. Defendant's call was a business solicitation that sought to promote Apex's construction services.

12. Plaintiff has not been an Apex customer at any time and never consented to receive the call(s) described in this Complaint.

13. The call Plaintiff received February 20 delivered a voicemail to Plaintiff which included an artificial or prerecorded voice. The voice did not disclose on whose behalf the call was placed. It identified itself only as "Jake" (or "Jay") and recited a script about how his company would be working in the area of Plaintiff's home and offers discounted roofing or construction services. The content of this message, including the "um" or "uh" vocalizations, matches the reported description of artificial voice or prerecorded robocalls other consumers have received. *See* https://lookup.robokiller.com/p/206-659-7752; https://lookup.robokiller.com/p/206-486-4628 (accessed March 24, 2025).

14. Defendant has placed a substantial volume of prerecorded or artificial voice telephone solicitation calls to consumers including Plaintiff without first obtaining their prior express written consent. The prerecorded or artificial call Plaintiff received was intended to be delivered to a large volume of recipients to drive interest in communicating with Defendant to arrange for the purchase of construction services.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

15. Plaintiff telephoned the originating number after receiving the prerecorded or artificial voicemail. Ultimately, he heard back from an individual who identified herself as "Livia" who indicated she worked for a business with the website http://www.apexroofingnw.com. According to the website, the business is located at the address of Apex Roofing & Construction, Inc., and holds Washington Department of Labor & Industries license number APEXRRC900JN. According to the Department's records, this is the license number of Defendant.

16. Plaintiff has received unsolicited telemarketing calls and missed calls from third parties in addition to Defendant. Due to the widespread use of spoofed or concealed dialer information among telephone solicitation campaigns, it is difficult if not impossible to establish who placed all of these calls. One or more of these calls may have been placed on behalf of Defendant in addition to Defendant's call that occurred on February 20, 2025. The total amount of calls Defendant placed to Plaintiff's cellular phone without his consent will be established at trial.

17. The content of the call(s) that Plaintiff received demonstrates that the calls were not made for an emergency purpose.

18. Defendant routinely participates in placing telephone solicitation calls to consumers as evidenced by the numerous reports online of unwanted calls from "Jake" or "Jay" matching the message Plaintiff received. In reality, the message was from Defendant but knowingly concealed Defendant's name and contact information. Defendant knowingly and intentionally avoided identifying itself in the artificial or prerecorded calls it caused to be placed to non-consenting consumers in order to minimize the likelihood it could be sued. Defendant is aware of the legal prohibitions against placing telephone solicitation calls using artificial or prerecorded voices to non-consenting recipients' cellular phone numbers, and against placing commercial solicitation calls to numbers listed on the Do Not Call registry maintained by the United States Federal Trade Commission without the prior express written



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

consent of the called party. Defendant therefore knowingly or willfully caused unlawful telephone calls to be placed to Plaintiff.

**B. Defendant's Unlawful Telephone Calls Injured Plaintiff**.

19. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family, friends, and his employer.

20. Defendant's call(s) invaded Plaintiff's privacy and intruded upon his right to seclusion. The call(s) frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

21. Defendant' call(s) intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted its battery. The call(s) temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address them, including without limitation efforts to ascertain the identity of the caller and put a stop to the unwanted solicitation calls.

22. Defendant's actions were unfair or deceptive in that they caused the transmission of telephone solicitations that failed to properly identify the calling party. RCW 19.158.110(1). As a result of Defendant's actions, Plaintiff was injured by lost time and productivity and the need to place telephone calls and text messages to investigate Defendant's identity and/or stop Defendant's unlawful actions targeting his number for solicitations.

## V. CLASS ACTION ALLEGATIONS

23. Plaintiff brings this lawsuit under Washington Civil Rules 23(a), (b)(2), and (b)(3) as a representative of the following Classes:

> **First Class:** All persons or entities within the United States who received, on or after June 17, 2021, any non-emergency telephone call to a residential and/or cellular telephone line, from or on behalf of Apex Roofing and Construction, Inc., which calls promoted goods or services, without the recipient's prior express written consent.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

**Second Class:** All persons or entities within the United States who received, on or after June 17, 2021, any commercial telephone solicitations from or on behalf of Apex Roofing and Construction, Inc., which failed to disclose the identity of the calling party.

Plaintiff reserves the right to amend the class definitions following an appropriate period of discovery.

24. Excluded from the Classes are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.

25. Because dialing equipment maintains records of each contact, members of the above-defined Classes can be identified through Defendant's or its agents' records.

**Numerosity**

26. At the time of filing, Plaintiff does not know the exact number of Class Members. But the circumstances of the calling campaign suggest that Class Members number in the hundreds or thousands and are dispersed throughout this state and/or the United States.

27. The alleged size and geographic dispersal of the Classes makes joinder of all Class Members impracticable.

**Commonality and Predominance**

28. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the include:

a. Whether Defendant called consumers with a commercial purpose?

b. Whether Defendant initiated telephone solicitations to consumer telephone subscribers?

c. Whether Defendant's telephone calls included prerecorded messages or an artificial voice?



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

d. Whether Defendant's prerecorded or artificial voice telephone calls failed to identify Defendant as the originator of the calls?

e. Whether Defendant failed to obtain consumers' prior express consent prior to initiating telephone solicitations to them?

f. Whether Defendant's conduct was knowing and/or willful?

**Typicality**

29. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class Members, has been injured by Defendant's uniform misconduct—the placement of telephone solicitations using an artificial or prerecorded voice to consumers' mobile telephone lines without the prior express written consent of the called parties.

**Adequacy of Representation**

30. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

**Superiority**

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this First Amended Complaint. Class-wide damages are essential to induce Defendant to comply with state and federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## VI. FIRST CLAIM FOR RELIEF

**Negligent Violation of the Telephone Consumer Protection Act (Artificial or Prerecorded Calls Without Consent)**

**47 U.S.C. § 227, *et seq*.**

32. Plaintiff incorporates the above allegations by reference.

33. Apex made non-emergency calls to the cellular telephone of Plaintiff using an artificial or prerecorded voice. The calls were made to promote goods or services for sale, without the called parties' prior express written consent.

34. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(a) and 47 C.F.R. § 64.1200(a).

35. Under 47 U.S.C. § 227(b)(3), and as a result of the alleged negligent violations of the TCPA, Plaintiff is entitled to an award of not less than $500 in statutory damages for each and every call placed in violation of the TCPA.

## VII. SECOND CLAIM FOR RELIEF

**Knowing or Willful Violation of the Telephone Consumer Protection Act (Artificial or Prerecorded Calls Without Consent)**

**47 U.S.C. § 227, *et seq*.**

36. Plaintiff incorporates the above allegations by reference.

37. Apex made non-emergency calls to the cellular telephone of Plaintiff using an artificial or prerecorded voice. The calls were made to promote goods or services for sale, without the called parties' prior express written consent.

38. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(a) and 47 C.F.R. § 64.1200(a).



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

39. Under 47 U.S.C. § 227(b)(3), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each and every call knowingly or intentionally placed in violation of the TCPA.

## VIII. THIRD CLAIM FOR RELIEF

### Violation of Washington Commercial Telephone Solicitor Statute and Washington Consumer Protection Act (Chapter 19.158 RCW, RCW 19.86.090 )

40. Plaintiff incorporates the above allegations by reference.

41. Apex made non-emergency calls to the cellular telephone of Plaintiff to deliver telephone solicitations promoting goods or services for sale.

42. Apex is a commercial telephone solicitor under RCW 19.158.020(2). Apex delivered to Plaintiff one or more commercial telephone solicitations under RCW 19.158.020(1) which were unfair or deceptive because they failed to properly disclose the identity of the calling party. RCW 19.158.110(1).

43. Apex's foregoing acts and omissions constituted unfair and deceptive acts and practices under RCW 19.158.030 and RCW 19.86.090, the Washington Consumer Protection Act.

44. Plaintiff was injured by Apex's unfair or deceptive acts or practices in trade or commerce including through lost productivity, the need to use his telephone and other electronic devices to investigate Defendant's misrepresented or concealed identity and to communicate with Apex in an attempt to obtain Defendant's compliance with state and federal law and/or relief for Defendant's actions. Defendant's actions targeted numerous consumers and affected the public interest.

45. Under RCW 19.86.090, and as a result of Defendant's alleged actions, Plaintiff is entitled to an award of actual and treble damages, injunctive relief, attorney's fees, and litigation costs for Apex's violation of the Washington Consumer Protection Act.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A. Award $500 in statutory damages for each and every call that Apex negligently placed in violation of 47 U.S.C. § 227(b)(1)(B) of the TCPA;

B. Award $1,500 in statutory damages for each and every call that Apex willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1)(B) of the TCPA;

C. Award actual damages for Defendant's violations of Chapter 19.86 RCW and 19.158 RCW, and treble those damages as provided by RCW 19.86.090;

D. Award Plaintiff his reasonable attorney's fees and costs as provided by RCW 19.86.090 and 19.158.130 to be paid by Apex;

E. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant Apex to implement measures to stop future violations of the TCPA and Chapter 19.158 RCW; and

F. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant Apex to implement measures to stop future violations of the TCPA; and

G. Grant such further relief as the Court deems proper.

RESPECTFULLY SUBMITTED AND DATED this 25th day of July, 2025.

SMITH & DIETRICH LAW OFFICES PLLC

*/s/ Walter Smith*
Walter M. Smith, WSBA # 46695
Email: walter@smithdietrich.com
1226 State Avenue N.E., Suite 205
Olympia, WA 98501
Telephone: (360) 915-6952

Samuel J. Strauss, WSBA #46971
Cassandra Miller (motion for Pro Hac Vice admission forthcoming)
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
cmiller@straussborrelli.com

*Counsel for Plaintiff and the Proposed Class*