# EXHIBIT D

FILED
2025 JUN 17 01:48 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-18009-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| HOLLIS<br><br>VS<br><br>APEX ROOFING & CONSTRUCTION, INC. | No. 25-2-18009-3 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

CPA - Consumer Protection Act

**AREA OF DESIGNATION**

SEA Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2025 JUN 17 01:48 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-18009-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Daniel Hollis,<br><br>Plaintiff,<br><br>v.<br><br>Apex Roofing and Construction, Inc.,<br><br>Defendant. | Case No.<br><br>COMPLAINT |

Daniel Hollis alleges the following against Defendant Apex Roofing and Construction, Inc.

## I. NATURE OF ACTION

1. Starting no later than February 20, 2025, Apex Roofing & Construction, Inc., acting directly and/or through their agent(s), placed prerecorded or artificial voice telephone calls to Daniel Hollis's personal cellular phone in an effort to solicit Plaintiff's business and to market Defendant's services to Plaintiff.

2. Daniel Hollis has not been a customer of Apex Roofing & Construction, Inc. at any time, and Mr. Hollis did not consent to receive calls from Defendant. Daniel Hollis's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission, and has been continuously listed there since December 12, 2008.

3. Plaintiff brings this action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), and related Washington state law, RCW 19.158.110(1).



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's claims pursuant to RCW 2.08.010 and Art. IV Sec. 6 of the Washington Constitution.

5. This Court has personal jurisdiction over Apex Roofing & Construction, Inc. (Apex for short) because Defendant caused transmission of the call(s) at issue to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington. Apex has its headquarters in and continuously and systematically conducts business in Washington, where Defendant is headquartered in the city of Kent in King County.

6. Venue is proper in this Court pursuant to RCW 4.12.020(3) because Plaintiff's cause of action or some part thereof arose in King County.

## III. PARTIES

7. Plaintiff Daniel Hollis resides in King County, Washington.

8. Defendant Apex is a Washington limited liability company with headquarters at 6632 S. 191st Pl., Suite E-108, Kent, WA 98032-2117. The allegations in this Complaint as to acts and omissions by Defendant Apex shall be construed as allegations against Defendant, whether such conduct was committed by Defendant directly, or through its agents or contractors.

## IV. FACTUAL ALLEGATIONS

### A. Defendant Apex Made One or More Prerecorded Sales Solicitation Calls to Plaintiff's Cellular Phone Without His Consent.

9. Plaintiff's telephone number, (XXX) XXX-9727, is assigned to a cellular telephone service. Plaintiff first acquired this cellular phone number prior to December 12, 2008 and has had exclusive use of it ever since.

10. On February 20, 2025, Apex caused a call to be placed to Plaintiff's personal cellular phone. The call Plaintiff received from Defendant showed the originating number was



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

(206) 659-6473. Defendant's call was a business solicitation that sought to promote Apex's construction services.

11. Plaintiff has not been an Apex customer at any time and never consented to receive the call(s) described in this Complaint.

12. The call Plaintiff received February 20 delivered a voicemail to Plaintiff which included an artificial or prerecorded voice. The voice did not disclose on whose behalf the call was placed. It identified itself only as "Jake" (or "Jay") and recited a script about how his company would be working in the area of Plaintiff's home and offers discounted roofing or construction services. The content of this message, including the "um" or "uh" vocalizations, matches the reported description of artificial voice or prerecorded robocalls other consumers have received. *See* https://lookup.robokiller.com/p/206-659-7752; https://lookup.robokiller.com/p/206-486-4628 (accessed March 24, 2025).

13. Defendant has placed a substantial volume of prerecorded or artificial voice telephone solicitation calls to consumers including Plaintiff without first obtaining their prior express written consent. The prerecorded or artificial call Plaintiff received was intended to be delivered to a large volume of recipients to drive interest in communicating with Defendant to arrange for the purchase of construction services.

14. Plaintiff telephoned the originating number after receiving the prerecorded or artificial voicemail. Ultimately, he heard back from an individual who identified herself as "Livia" who indicated she worked for a business with the website http://www.apexroofingnw.com. According to the website, the business is located at the address of Apex Roofing & Construction, Inc., and holds Washington Department of Labor & Industries license number APEXRRC900JN. According to the Department's records, this is the license number of Defendant.

15. Plaintiff has received unsolicited telemarketing calls and missed calls from third parties in addition to Defendant. Due to the widespread use of spoofed or concealed dialer



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

information among telephone solicitation campaigns, it is difficult if not impossible to establish who placed all of these calls. One or more of these calls may have been placed on behalf of Defendant in addition to Defendant's call that occurred on February 20, 2025. The total amount of calls Defendant placed to Plaintiff's cellular phone without his consent will be established at trial.

16. The content of the call(s) that Plaintiff received demonstrates that the calls were not made for an emergency purpose.

17. Defendant routinely participates in placing telephone solicitation calls to consumers as evidenced by the numerous reports online of unwanted calls from "Jake" or "Jay" matching the message Plaintiff received. Defendant knowingly and intentionally avoided identifying itself in the calls it caused to be placed to non-consenting consumers in order to minimize the likelihood it could be sued. Defendant is aware of the legal prohibitions against placing telephone solicitation calls using artificial or prerecorded voices to non-consenting recipients' cellular phone numbers, and against placing commercial solicitation calls to numbers listed on the Do Not Call registry maintained by the United States Federal Trade Commission without the prior express written consent of the called party. Defendant therefore knowingly or willfully caused unlawful telephone calls to be placed to Plaintiff.

**B. Defendant's Unlawful Telephone Calls Injured Plaintiff**.

18. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family, friends, and his employer.

19. Defendant's call(s) invaded Plaintiff's privacy and intruded upon his right to seclusion. The call(s) frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

20. Defendant' call(s) intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted its battery. The call(s) temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

address them, including without limitation efforts to ascertain the identity of the caller and put a stop to the unwanted solicitation calls.

21. Defendant's actions were unfair or deceptive in that they caused the transmission of telephone solicitations that failed to properly identify the calling party. RCW 19.158.110(1). As a result of Defendant's actions, Plaintiff was injured by lost time and productivity and the need to place telephone calls and text messages to investigate Defendant's identity and/or stop Defendant's unlawful actions targeting his number for solicitations. The value of Plaintiff's lost time, productivity, and injury to his business or property as a result of Defendant's actions was $1,000 or more.

## V. FIRST CLAIM FOR RELIEF

**Negligent Violation of the Telephone Consumer Protection Act (Calls Without Consent)**

**47 U.S.C. § 227, *et seq.***

22. Plaintiff incorporates the above allegations by reference.

23. Apex made non-emergency calls to the cellular telephone of Plaintiff using an artificial or prerecorded voice. The calls were made to promote goods or services for sale, without the called parties' prior express written consent.

24. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(a) and 47 C.F.R. § 64.1200(a).

25. Under 47 U.S.C. § 227(b)(3), and as a result of the alleged negligent violations of the TCPA, Plaintiff is entitled to an award of not less than $500 in statutory damages for each and every call placed in violation of the TCPA.

## VI. SECOND CLAIM FOR RELIEF

**Knowing or Willful Violation of the TCPA (Calls Without Consent)**

**47 U.S.C. § 227, *et seq.***

26. Plaintiff incorporates the above allegations by reference.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

27. Apex made non-emergency calls to the cellular telephone of Plaintiff using an artificial or prerecorded voice. The calls were made to promote goods or services for sale, without the called parties' prior express written consent.

28. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(a) and 47 C.F.R. § 64.1200(a).

29. Under 47 U.S.C. § 227(b)(3), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each and every call knowingly or intentionally placed in violation of the TCA.

## VII. THIRD CLAIM FOR RELIEF

### Violation of Washington Commercial Telephone Solicitor Statute and Washington Consumer Protection Act

### Chapter 19.158 RCW, RCW 19.86.090

30. Plaintiff incorporates the above allegations by reference.

31. Apex made non-emergency calls to the cellular telephone of Plaintiff to deliver telephone solicitations promoting goods or services for sale.

32. Apex is a commercial telephone solicitor under RCW 19.158.020(2). Apex delivered to Plaintiff one or more commercial telephone solicitations under RCW 19.158.020(1) which were unfair or deceptive because they failed to properly disclose the identity of the calling party. RCW 19.158.110(1).

33. Apex's foregoing acts and omissions constituted unfair and deceptive acts and practices under RCW 19.158.030 and RCW 19.86.090, the Washington Consumer Protection Act.

34. Plaintiff was injured by Apex's unfair or deceptive acts or practices in trade or commerce including through lost productivity, the need to use his telephone and other electronic devices to investigate Defendant's misrepresented or concealed identity and to



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

communicate with Apex in an attempt to obtain Defendant's compliance with state and federal law and/or relief for Defendant's actions. Defendant's actions targeted numerous consumers and affected the public interest.

35. Under RCW 19.86.090, and as a result of Defendant's alleged actions, Plaintiff is entitled to an award of actual and treble damages, injunctive relief, attorney's fees, and litigation costs for Apex's violation of the Washington Consumer Protection Act.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award $500 in statutory damages for each and every call that Apex negligently placed in violation of 47 U.S.C. § 227(b)(1)(B) of the TCPA;

B. Award $1,500 in statutory damages for each and every call that Apex willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1)(B) of the TCPA;

C. Award at least $1,000 in actual damages for Defendant's violations of Chapter 19.86 RCW and 19.158 RCW, and treble those damages as provided by RCW 19.86.090;

D. Award Plaintiff his reasonable attorney's fees and costs as provided by RCW 19.86.090 and 19.158.130 to be paid by Apex;

E. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant Apex to implement measures to stop future violations of the TCPA and Chapter 19.158 RCW; and

//



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

F. Grant such further relief as the Court deems proper.

RESPECTFULLY SUBMITTED AND DATED this 17th day of June, 2025.

SMITH & DIETRICH LAW OFFICES PLLC

*/s/ Walter Smith*

Walter M. Smith, WSBA # 46695
Email: walter@smithdietrich.com
1226 State Avenue N.E., Suite 205
Olympia, WA 98501
Telephone: (360) 915-6952

*Counsel for Plaintiff*

FILED
2025 JUN 17 01:48 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-18009-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| HOLLIS<br><br>VS<br><br>APEX ROOFING & CONSTRUCTION, INC. | No. 25-2-18009-3 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Sean O'Donnell, Dept. 29**<br>FILED DATE: 06/17/2025<br>TRIAL DATE:06/22/2026 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition*.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk’s Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 06/17/2025 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 11/25/2025 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration *[See KCLCR 4.2(a) and Notices on Page 2*]. | 11/25/2025 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 12/09/2025 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 01/20/2026 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 03/02/2026 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 03/16/2026 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 03/16/2026 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 05/04/2026 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 05/26/2026 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 06/01/2026 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 06/01/2026 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 06/08/2026 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 06/15/2026 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 06/15/2026 |
| | Trial Date [*See KCLCR 40*]. | 06/22/2026 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 06/17/2025

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.

Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

PRESIDING JUDGE

FILED
2025 JUN 17 01:48 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-18009-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Daniel Hollis,<br>Plaintiff,<br>v.<br>Apex Roofing and Construction, Inc.,<br>Defendant. | Case No.:<br>SUMMONS |

TO: Apex Roofing and Construction, Inc., Defendant.

A lawsuit has been started against you in the above-entitled court by Daniel Hollis, Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for the Plaintiff within 20 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one in which Plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the Plaintiff's attorneys. Within 14 days



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

RESPECTFULLY SUBMITTED AND DATED this 17th day of June, 2025.

By: /s/ Walter Smith
Smith & Dietrich Law Offices, PLLC
Walter Smith, WSBA #46695
Email: walter@smithdietrich.com
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Telephone: (360) 915-6952

Attorneys for Plaintiff

FILED
2025 JUN 24 10:22 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-18009-3 SEA

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| **Plaintiff / Petitioner:**<br>DANIEL HOLLIS | **Case No:**<br>25-2-18009-3 SEA |
| **Defendant / Respondent:**<br>APEX ROOFING & CONSTRUCTION, INC. | **DECLARATION OF SERVICE** |

The undersigned, being first duly sworn on oath deposes and says: That he is now and at all times herein mentioned was a citizen of the United States, resident of Washington State, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on Thursday, June 19, 2025 at 1:05 PM, at the address of 6632 South 191st Place Suite E-108, Kent, WA 98032, within King County, the undersigned duly served the following document(s): 1) Summons, 2) Complaint, 3) Order Setting Civil Case Schedule, and, 4) Case Information Cover Sheet and Area Designation (CICS) in the above entitled action upon APEX ROOFING AND CONSTRUCTION, INC., by Registered Agent, ZEUS OPERATIONS, LLC, at the usual place of business of said Registered Agent, personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with ANGELA "DOE", Representative, Employee Authorized to Accept Service.

**Description:**
ANGELA "DOE"; Age: 26; Ethnicity: Caucasian; Sex: Female; Weight: 127; Height: 5'4"; Hair: Blond; Relationship: Representative, Employee Authorized to Accept Service

**I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:**

**Date:** 06/20/2025

Keith Campbell, Pierce County #31132
ADDISON LEGAL SERVICES, LLC
2405 Evergreen Park Drive SW Suite B-2
Olympia, WA 98502
(360) 529-3933
Job #13545046 (KEN061725)

FILED
2025 JUL 25 03:28 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-18009-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Daniel Hollis, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Apex Roofing and Construction, Inc.,<br><br>Defendant. | Case No. 25-2-18009-3<br><br>FIRST AMENDED CLASS ACTION COMPLAINT |

Daniel Hollis, individually and on behalf of others similarly situated, alleges the following against Defendant Apex Roofing and Construction, Inc.

## I. NATURE OF ACTION

1. Starting no later than February 20, 2025, Apex Roofing & Construction, Inc., acting directly and/or through their agent(s), placed prerecorded or artificial voice telephone calls to Daniel Hollis's personal cellular phone in an effort to solicit Plaintiff's business and to market Defendant's services to Plaintiff.

2. Daniel Hollis has not been a customer of Apex Roofing & Construction, Inc. at any time, and Mr. Hollis did not consent to receive calls from Defendant. Daniel Hollis's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission, and has been continuously listed there since December 12, 2008.

3. Plaintiff brings this proposed class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and related Washington state law, RCW 19.158.110(1) and RCW 19.86.090.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

4. A "telephone solicitation" includes any telephone call initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services—including offers to perform roofing and construction services. *See* 47 C.F.R. § 64.1200(f)(15) ("The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services…").

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's claims pursuant to RCW 2.08.010 and Art. IV Sec. 6 of the Washington Constitution.

6. This Court has personal jurisdiction over Apex Roofing & Construction, Inc. (Apex for short) because Defendant caused transmission of the call(s) at issue to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington. Apex has its headquarters in and continuously and systematically conducts business in Washington, where Defendant is headquartered in the city of Kent in King County.

7. Venue is proper in this Court pursuant to RCW 4.12.020(3) because Plaintiff's cause of action or some part thereof arose in King County.

## III. PARTIES

8. Plaintiff Daniel Hollis resides in King County, Washington.

9. Defendant Apex is a Washington limited liability company with headquarters at 6632 S. 191st Pl., Suite E-108, Kent, WA 98032-2117. The allegations in this Complaint as to acts and omissions by Defendant Apex shall be construed as allegations against Defendant, whether such conduct was committed by Defendant directly, or through its agents or contractors.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## IV. FACTUAL ALLEGATIONS

### A. Defendant Apex Made One or More Prerecorded Sales Solicitation Calls to Plaintiff's Cellular Phone Without His Consent.

10. Plaintiff's telephone number, (XXX) XXX-9727, is assigned to a cellular telephone service. Plaintiff first acquired this cellular phone number prior to December 12, 2008 and has had exclusive use of it ever since.

11. On February 20, 2025, Apex caused a call to be placed to Plaintiff's personal cellular phone. The call Plaintiff received from Defendant showed the originating number was (206) 659-6473. Defendant's call was a business solicitation that sought to promote Apex's construction services.

12. Plaintiff has not been an Apex customer at any time and never consented to receive the call(s) described in this Complaint.

13. The call Plaintiff received February 20 delivered a voicemail to Plaintiff which included an artificial or prerecorded voice. The voice did not disclose on whose behalf the call was placed. It identified itself only as "Jake" (or "Jay") and recited a script about how his company would be working in the area of Plaintiff's home and offers discounted roofing or construction services. The content of this message, including the "um" or "uh" vocalizations, matches the reported description of artificial voice or prerecorded robocalls other consumers have received. *See* https://lookup.robokiller.com/p/206-659-7752; https://lookup.robokiller.com/p/206-486-4628 (accessed March 24, 2025).

14. Defendant has placed a substantial volume of prerecorded or artificial voice telephone solicitation calls to consumers including Plaintiff without first obtaining their prior express written consent. The prerecorded or artificial call Plaintiff received was intended to be delivered to a large volume of recipients to drive interest in communicating with Defendant to arrange for the purchase of construction services.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

15. Plaintiff telephoned the originating number after receiving the prerecorded or artificial voicemail. Ultimately, he heard back from an individual who identified herself as "Livia" who indicated she worked for a business with the website http://www.apexroofingnw.com. According to the website, the business is located at the address of Apex Roofing & Construction, Inc., and holds Washington Department of Labor & Industries license number APEXRRC900JN. According to the Department's records, this is the license number of Defendant.

16. Plaintiff has received unsolicited telemarketing calls and missed calls from third parties in addition to Defendant. Due to the widespread use of spoofed or concealed dialer information among telephone solicitation campaigns, it is difficult if not impossible to establish who placed all of these calls. One or more of these calls may have been placed on behalf of Defendant in addition to Defendant's call that occurred on February 20, 2025. The total amount of calls Defendant placed to Plaintiff's cellular phone without his consent will be established at trial.

17. The content of the call(s) that Plaintiff received demonstrates that the calls were not made for an emergency purpose.

18. Defendant routinely participates in placing telephone solicitation calls to consumers as evidenced by the numerous reports online of unwanted calls from "Jake" or "Jay" matching the message Plaintiff received. In reality, the message was from Defendant but knowingly concealed Defendant's name and contact information. Defendant knowingly and intentionally avoided identifying itself in the artificial or prerecorded calls it caused to be placed to non-consenting consumers in order to minimize the likelihood it could be sued. Defendant is aware of the legal prohibitions against placing telephone solicitation calls using artificial or prerecorded voices to non-consenting recipients' cellular phone numbers, and against placing commercial solicitation calls to numbers listed on the Do Not Call registry maintained by the United States Federal Trade Commission without the prior express written



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

consent of the called party. Defendant therefore knowingly or willfully caused unlawful telephone calls to be placed to Plaintiff.

**B. Defendant's Unlawful Telephone Calls Injured Plaintiff**.

19. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family, friends, and his employer.

20. Defendant's call(s) invaded Plaintiff's privacy and intruded upon his right to seclusion. The call(s) frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

21. Defendant' call(s) intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted its battery. The call(s) temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address them, including without limitation efforts to ascertain the identity of the caller and put a stop to the unwanted solicitation calls.

22. Defendant's actions were unfair or deceptive in that they caused the transmission of telephone solicitations that failed to properly identify the calling party. RCW 19.158.110(1). As a result of Defendant's actions, Plaintiff was injured by lost time and productivity and the need to place telephone calls and text messages to investigate Defendant's identity and/or stop Defendant's unlawful actions targeting his number for solicitations.

## V. CLASS ACTION ALLEGATIONS

23. Plaintiff brings this lawsuit under Washington Civil Rules 23(a), (b)(2), and (b)(3) as a representative of the following Classes:

> **First Class:** All persons or entities within the United States who received, on or after June 17, 2021, any non-emergency telephone call to a residential and/or cellular telephone line, from or on behalf of Apex Roofing and Construction, Inc., which calls promoted goods or services, without the recipient's prior express written consent.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

> **Second Class:** All persons or entities within the United States who received, on or after June 17, 2021, any commercial telephone solicitations from or on behalf of Apex Roofing and Construction, Inc., which failed to disclose the identity of the calling party.

Plaintiff reserves the right to amend the class definitions following an appropriate period of discovery.

24. Excluded from the Classes are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.

25. Because dialing equipment maintains records of each contact, members of the above-defined Classes can be identified through Defendant's or its agents' records.

**Numerosity**

26. At the time of filing, Plaintiff does not know the exact number of Class Members. But the circumstances of the calling campaign suggest that Class Members number in the hundreds or thousands and are dispersed throughout this state and/or the United States.

27. The alleged size and geographic dispersal of the Classes makes joinder of all Class Members impracticable.

**Commonality and Predominance**

28. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the include:

a. Whether Defendant called consumers with a commercial purpose?

b. Whether Defendant initiated telephone solicitations to consumer telephone subscribers?

c. Whether Defendant's telephone calls included prerecorded messages or an artificial voice?



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

d. Whether Defendant's prerecorded or artificial voice telephone calls failed to identify Defendant as the originator of the calls?

e. Whether Defendant failed to obtain consumers' prior express consent prior to initiating telephone solicitations to them?

f. Whether Defendant's conduct was knowing and/or willful?

**Typicality**

29. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class Members, has been injured by Defendant's uniform misconduct—the placement of telephone solicitations using an artificial or prerecorded voice to consumers' mobile telephone lines without the prior express written consent of the called parties.

**Adequacy of Representation**

30. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

**Superiority**

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this First Amended Complaint. Class-wide damages are essential to induce Defendant to comply with state and federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## VI. FIRST CLAIM FOR RELIEF

**Negligent Violation of the Telephone Consumer Protection Act (Artificial or Prerecorded Calls Without Consent)**

**47 U.S.C. § 227, *et seq.***

32. Plaintiff incorporates the above allegations by reference.

33. Apex made non-emergency calls to the cellular telephone of Plaintiff using an artificial or prerecorded voice. The calls were made to promote goods or services for sale, without the called parties' prior express written consent.

34. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(a) and 47 C.F.R. § 64.1200(a).

35. Under 47 U.S.C. § 227(b)(3), and as a result of the alleged negligent violations of the TCPA, Plaintiff is entitled to an award of not less than $500 in statutory damages for each and every call placed in violation of the TCPA.

## VII. SECOND CLAIM FOR RELIEF

**Knowing or Willful Violation of the Telephone Consumer Protection Act (Artificial or Prerecorded Calls Without Consent)**

**47 U.S.C. § 227, *et seq.***

36. Plaintiff incorporates the above allegations by reference.

37. Apex made non-emergency calls to the cellular telephone of Plaintiff using an artificial or prerecorded voice. The calls were made to promote goods or services for sale, without the called parties' prior express written consent.

38. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(a) and 47 C.F.R. § 64.1200(a).



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

39. Under 47 U.S.C. § 227(b)(3), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each and every call knowingly or intentionally placed in violation of the TCPA.

## VIII. THIRD CLAIM FOR RELIEF

### Violation of Washington Commercial Telephone Solicitor Statute and Washington Consumer Protection Act (Chapter 19.158 RCW, RCW 19.86.090 )

40. Plaintiff incorporates the above allegations by reference.

41. Apex made non-emergency calls to the cellular telephone of Plaintiff to deliver telephone solicitations promoting goods or services for sale.

42. Apex is a commercial telephone solicitor under RCW 19.158.020(2). Apex delivered to Plaintiff one or more commercial telephone solicitations under RCW 19.158.020(1) which were unfair or deceptive because they failed to properly disclose the identity of the calling party. RCW 19.158.110(1).

43. Apex's foregoing acts and omissions constituted unfair and deceptive acts and practices under RCW 19.158.030 and RCW 19.86.090, the Washington Consumer Protection Act.

44. Plaintiff was injured by Apex's unfair or deceptive acts or practices in trade or commerce including through lost productivity, the need to use his telephone and other electronic devices to investigate Defendant's misrepresented or concealed identity and to communicate with Apex in an attempt to obtain Defendant's compliance with state and federal law and/or relief for Defendant's actions. Defendant's actions targeted numerous consumers and affected the public interest.

45. Under RCW 19.86.090, and as a result of Defendant's alleged actions, Plaintiff is entitled to an award of actual and treble damages, injunctive relief, attorney's fees, and litigation costs for Apex's violation of the Washington Consumer Protection Act.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A. Award $500 in statutory damages for each and every call that Apex negligently placed in violation of 47 U.S.C. § 227(b)(1)(B) of the TCPA;

B. Award $1,500 in statutory damages for each and every call that Apex willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1)(B) of the TCPA;

C. Award actual damages for Defendant's violations of Chapter 19.86 RCW and 19.158 RCW, and treble those damages as provided by RCW 19.86.090;

D. Award Plaintiff his reasonable attorney's fees and costs as provided by RCW 19.86.090 and 19.158.130 to be paid by Apex;

E. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant Apex to implement measures to stop future violations of the TCPA and Chapter 19.158 RCW; and

F. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant Apex to implement measures to stop future violations of the TCPA; and

G. Grant such further relief as the Court deems proper.

RESPECTFULLY SUBMITTED AND DATED this 25th day of July, 2025.

SMITH & DIETRICH LAW OFFICES PLLC

*/s/ Walter Smith*

Walter M. Smith, WSBA # 46695
Email: walter@smithdietrich.com
1226 State Avenue N.E., Suite 205
Olympia, WA 98501
Telephone: (360) 915-6952

Samuel J. Strauss, WSBA #46971
Cassandra Miller (motion for Pro Hac Vice admission forthcoming)
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
cmiller@straussborrelli.com

*Counsel for Plaintiff and the Proposed Class*