UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| DANIEL HOLLIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APEX ROOFING AND CONSTRUCTION, INC.,<br><br>Defendant. | No.: 2:25-cv-01612-MLP<br><br>**DEFENDANT APEX ROOFING AND CONSTRUCTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendant Apex Roofing and Construction, Inc. ("Apex Roofing"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Daniel Hollis's First Amended Class Action Complaint, Dkt. No. 1-4 (the "Complaint"):

## ANSWER

## NATURE OF ACTION

1. Apex Roofing denies the allegations contained in Paragraph 1 of the Complaint.

2. Apex Roofing denies the allegations contained in Paragraph 2 of the Complaint.

3. Apex Roofing denies the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Apex Roofing denies the allegations contained in Paragraph 4 of the Complaint.



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

## JURISDICTION AND VENUE

5. Apex Roofing denies the allegations contained in Paragraph 5 of the Complaint.

6. Apex Roofing admits that it has its headquarters in the city of Kent in King County and conducts business in the State of Washington, and as for the remainder of the allegations contained in Paragraph 6 of the Complaint, Apex Roofing states that they consist of legal conclusions, to which no response is required. To the extent a response is required, Apex Roofing denies the allegations contained in the remainder of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Apex Roofing denies the allegations contained in Paragraph 7 of the Complaint

## PARTIES

8. Apex Roofing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9. Apex Roofing denies the allegations contained in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. Apex Roofing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11. Apex Roofing denies the allegations contained in Paragraph 11 of the Complaint.

12. Apex Roofing denies the allegations contained in Paragraph 12 of the Complaint.

13. Apex Roofing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Apex Roofing denies the allegations contained in Paragraph 14 of the Complaint.

15. Apex Roofing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

16. Apex Roofing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

17. Apex Roofing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18. Apex Roofing denies the allegations contained in Paragraph 18 of the Complaint.

19. Apex Roofing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same.

20. Apex Roofing denies the allegations contained in Paragraph 20 of the Complaint.

21. Apex Roofing denies the allegations contained in Paragraph 21 of the Complaint.

22. Apex Roofing denies the allegations contained in Paragraph 22 of the Complaint.

**CLASS ACTION ALLEGATIONS**

23. Apex Roofing admits that Plaintiff purports to bring this action as a class action and attempts to define two classes, but denies that a class can be certified or, if certified, would result in a class where liability would be imposed against Apex Roofing. Accordingly, Apex Roofing denies the allegations contained in Paragraph 23 of the Complaint.

24. Apex Roofing denies the allegations contained in Paragraph 24 of the Complaint.

25. Apex Roofing denies the allegations contained in Paragraph 25 of the Complaint.

26. Apex Roofing denies the allegations contained in Paragraph 26 of the Complaint.

27. Apex Roofing denies the allegations contained in Paragraph 27 of the Complaint.

28. Apex Roofing denies the allegations contained in Paragraph 28 of the Complaint.

29. Apex Roofing denies the allegations contained in Paragraph 29 of the Complaint.

30. Apex Roofing denies the allegations contained in Paragraph 30 of the Complaint.

31. Apex Roofing denies the allegations contained in Paragraph 31 of the Complaint.



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

**FIRST CLAIM FOR RELIEF**

**Negligent Violation of the Telephone Consumer Protection Act (Artificial or Prerecorded Calls Without Consent)**

**47 U.S.C. § 227, *et seq.***

32. Apex Roofing incorporates its responses to the above paragraphs of the Complaint by reference as if fully set forth herein.

33. Apex Roofing denies the allegations contained in Paragraph 33 of the Complaint.

34. Apex Roofing denies the allegations contained in Paragraph 34 of the Complaint.

35. Apex Roofing denies the allegations contained in Paragraph 35 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**Knowing or Willful Violation of the Telephone Consumer Protection Act (Artificial or Prerecorded Calls Without Consent)**

**47 U.S.C. § 227, *et seq.***

36. Apex Roofing incorporates its responses to the above paragraphs of the Complaint by reference as if fully set forth herein.

37. Apex Roofing denies the allegations contained in Paragraph 37 of the Complaint.

38. Apex Roofing denies the allegations contained in Paragraph 38 of the Complaint.

39. Apex Roofing denies the allegations contained in Paragraph 39 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**Violation of Washington Commercial Telephone Solicitor Statute and Washington Consumer Protection Act (Chapter 19.158 RCW, RCW 19.86.090)**

40. Apex Roofing incorporates its responses to the above paragraphs of the Complaint by reference as if fully set forth herein.

41. Apex Roofing denies the allegations contained in Paragraph 41 of the Complaint.

42. Apex Roofing denies the allegations contained in Paragraph 42 of the Complaint.

43. Apex Roofing denies the allegations contained in Paragraph 43 of the Complaint.

44. Apex Roofing denies the allegations contained in Paragraph 44 of the Complaint.

45. Apex Roofing denies the allegations contained in Paragraph 45 of the Complaint.


PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

## PRAYER FOR RELIEF

Apex Roofing denies that Plaintiff is entitled to any of the relief requested and Apex Roofing respectfully requests that this Court enter an order granting judgment in favor of Apex Roofing and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Apex Roofing states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of Apex Roofing's Defenses. Accordingly, Apex Roofing asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief against Apex Roofing.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by Apex Roofing, but by another person or entity, including Plaintiff, for whom Apex Roofing is not responsible and over whose activities Apex Roofing exercises no control and/or has no right to control.

### THIRD AFFIRMATIVE DEFENSE

Apex Roofing is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of text message(s) to Plaintiff. At all relevant times, such third parties were not Apex Roofing's agents and Apex Roofing did not exercise direction or control over their actions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and the other class members' consent, prior express invitation, permission to be called on their cellular and/or residential telephones, established business relationship, prior inquiry, and/or personal relationship with Apex Roofing or the alleged callers.


PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel due to his and other class members' consent, existing business relationships, familial relationships, prior express invitation, or other permission to be called on their cellular and/or residential telephone(s).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA or Washington statutes, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and, if relevant, putative class members, therefore lacks standing.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to, any third party that may have actually made or initiated the telephone calls at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because Apex Roofing did not engage in knowing or willful misconduct.

**NINTH AFFIRMATIVE DEFENSE**

Apex Roofing states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent (to the extent he ever did).

**TENTH AFFIRMATIVE DEFENSE**

Apex Roofing complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by Apex Roofing's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. 64.1200, the Washington Commercial Telephone Solicitor Statute, and the Washington Consumer Protection Act.


PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

**ELEVENTH AFFIRMATIVE DEFENSE**

Apex Roofing states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure Apex Roofing's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227(b), and 47 C.F.R. 64.1200. Additionally, Apex Roofing raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates Apex Roofing's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of Apex Roofing's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands due to his and the other class members' consent to be called on their cellular and/or residential telephones. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc*., 725 F.3d 940, 947 (9th Cir. 2013).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged callers that the alleged calls made to their cellular and/or residential telephone(s) should cease.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and other class members' failure to timely notify the alleged callers that the calls should cease.



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and other class members' failure to timely notify the alleged callers that the calls allegedly made to their cellular and/or residential telephone(s) should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and other class members consented to and/or ratified the telephone calls complained of in the Complaint, including calls to their cellular and/or residential telephone number(s).

**NINETEENTH AFFIRMATIVE DEFENSE**

Apex Roofing is not liable for any violations of 47 C.F.R. 64.1200 because it can demonstrate that any violation is the result of error and that as part of its routine business practice, it meets the standards articulated in 47 C.F.R. 64.1200.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the exceptions provided under the TCPA and Washington statutes.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred to the extent they lack standing to assert the claims and allegations set forth in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred to the extent they lack standing to assert the claims and allegations set forth in the Complaint based on their own decision to listen to a voicemail message.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred to the extent they lack standing to assert the claims and allegations set forth in the Complaint for not hearing the playing or use of an artificial or prerecorded voice.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred to the extent they


PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

lack standing to assert the claims and allegations set forth in the Complaint for not listening to the entirety of any telephone message or communication to when the identity of the calling party may have been disclosed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred to the extent the complained of acts or practices did not cause or were not likely to cause substantial injury to consumers which was not reasonably avoidable by Plaintiff and/or the putative class members or were outweighed by countervailing benefits.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's suit and the claims of any putative class member are barred to the extent they agreed to arbitrate the asserted claim(s) against Apex Roofing.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's class action suit and the claims of putative class members are barred to the extent Plaintiff and putative class members agreed to waive any participation in a class, including as to the asserted claim(s) against Apex Roofing.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against Apex Roofing with sufficient particularity to enable Apex Roofing to determine what additional defenses it may have in response to the Complaint. Apex Roofing therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

**RESERVATION**

Apex Roofing reserves the right to amend this Answer up and through the time of trial to


PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant Apex Roofing and Construction, Inc. respectfully requests that this Court enter judgment against Plaintiff and in favor of Apex Roofing, dismiss this action with prejudice, award Apex Roofing its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: August 29, 2025

Respectfully submitted,

*/s/ David Rose*

PACIFIC NORTHWEST FAMILY LAW
David Rose (WSBA No. 32849)
15400 SE 30th Place, Suite 206
Bellevue, WA 98007
(564) 212-2730
dmr@pnwfamilylaw.com
gp@pnwfamilylaw.com

GREENSPOON MARDER LLP
Jeffrey A. Backman
(*pro hac vice* application forthcoming)
Florida Bar No. 662501
Roy Taub (*pro hac vice* application forthcoming)
Florida Bar No. 116263
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*Apex Roofing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the was served on all counsel of record via CM/ECF.

*/s/ David Rose*_______________
David Rose, Esq.



PACIFIC NORTHWEST FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730

PACIFIC NORTHWEST
FAMILY LAW
15400 SE 30TH PL, SUITE 206
BELLEVUE, WA 98007
564.212.2730